IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KHANH NGUYEN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1824-L** |
| | § | |
| **DAVID HOANG,** | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Khanh Nguyen's ("Plaintiff" or "Mr. Nguyen") Request for Entry of Default Judgment ("Motion") (Doc. 10), filed on April 26, 2024. After careful consideration of the record and applicable law, the court **concludes** that it is unable to determine whether it has subject matter jurisdiction over this action and **orders** Plaintiff to file an Amended Complaint by **5:00 p.m.** on **January 3, 2025**, that cures the jurisdictional defects herein noted. Further, the court **directs** Plaintiff to properly serve Defendant with the Amended Complaint by **5:00 p.m.** on **February 3, 2025,** and demonstrate to the court that he has been served.

## I.  Background

On August 15, 2023, Mr. Nguyen filed Plaintiff's Complaint ("Complaint") (Doc. 1) in this action against Defendant David Hoang ("Defendant" or "Mr. Hoang") for his alleged breach of the material terms of the loan agreement ("Loan Agreement").  Defendant was served with process on January 15, 2024.  Accordingly, Defendant's time to file an answer or otherwise respond to the Complaint was February 5, 2024. At the time of this opinion, Mr. Hoang has not

filed an answer or otherwise responded to this action. On February 27, 2024, the clerk entered a default against him.

## II. Legal Standards-Subject Matter Jurisdiction

### A. Diversity of Citizenship

First, the court *sua sponte* raises the issue of diversity of citizenship, as it is allowed to do. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted). Plaintiff alleges "[u]pon information and belief, Defendant David Hoang, a natural person, is a citizen of Maryland." Doc. 1 at 2.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). Allegations pertaining to citizenship that are made on "information and belief" are insufficient to establish citizenship, as "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Pennie v. Obama*, 255 F. Supp. 3d 648, 669 & 671 (N.D. Tex. 2017) (quoting *Getty Oil Corp.* 841 F.2d at 1259). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Such failure, however, is a procedural defect and may be cured by filing an amended pleading. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4. (5th Cir. 1993) (quotation marks and citations omitted).

**Memorandum Opinion and Order – Page 2**

Plaintiff has the burden of establishing subject matter jurisdiction, as this case was initially filed by him in federal court, and he is the party in this action seeking to invoke such jurisdiction. Plaintiff's allegations, which are based on "information and belief," are insufficient to establish Mr. Hoang's citizenship. It is established sufficiently that Mr. Nguyen is a citizen of Texas, but Mr. Hoang's citizenship has not been sufficiently established. Given this deficiency, the court must presume that this suit lies outside of its limited jurisdiction unless Plaintiff can cure the jurisdictional deficiencies noted.

### B. Amount in Controversy

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

**Memorandum Opinion and Order – Page 3**

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it," which in this case is the Plaintiff. *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).

The court is uncertain that the jurisdictional amount has been satisfied. Plaintiff does not sufficiently allege that the amount in controversy exceeds $75,000. He contends that the amount due and payable under the terms of the Agreement is at least $70,000 and that he expects the legal fees will exceed $15,000. Doc. 1 at 3-4. Further, Plaintiff contends that the court has subject matter jurisdiction "under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, **inclusive** of interest, fees, and costs, and the Parties are citizens of different states (diversity)." *Id.* at 2. This is an incorrect statement of the law. This statute, in relevant part, provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, **exclusive** of interest and costs." 28 U.S.C. § 1332(a) (emphasis added).

The Fifth Circuit has previously held that "[t]he purpose of § 1332(a)'s exclusion of interest is to prevent the plaintiff from delaying suit until the substantive claim, with the accrued

**Memorandum Opinion and Order – Page 4**

interest, exceeds the jurisdictional amount." *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.,* 53 F.4th 361, 365 (5th Cir. 2022) (citations omitted). When interest is an essential ingredient in the principal claim and cannot be considered as an accessory or segregated from it, the interest can be considered by the court for jurisdictional purposes. *Id.* at 366 (citations omitted). Plaintiff contends that the principal balance is $50,000. Doc. 1 at 3. This amount falls well short of the $75,000 plus-amount required to establish diversity jurisdiction. Here, the amount in interest can be excluded from the principal balance with ease and is, therefore, not an "essential ingredient" that can be considered for jurisdictional purposes.

Because it is unclear whether diversity of citizenship exists and whether the amount in controversy exceeds $75,000, the court must presume that this suit lies outside of its limited jurisdiction unless Plaintiff can cure the jurisdictional deficiencies noted.

### III.   Motion for Default Judgment

As stated previously, Plaintiff has not established that the court has subject matter jurisdiction, and the Motion is premature because the court has no authority to rule on it. This is so because Plaintiff has yet to file his Amended Complaint. The Amended Complaint has to be filed first, and then Plaintiff would have to refile a Motion for Default Judgment once Defendant is properly served and fails to answer or otherwise respond to the Amended Complaint. Accordingly, the court **denies without prejudice** the Motion.

### IV.   Conclusion

For the reasons explained, the court **concludes** that it is unable to determine whether it has subject matter jurisdiction over this action. The court **orders** Plaintiff to file an Amended Complaint by **5:00 p.m.** on **January 3, 2025**, that cures the jurisdictional defects herein noted. Failure to comply with these directives will result in the dismissal without prejudice of this

action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

Further, the court **directs** Plaintiff to properly serve Defendant with the Amended Complaint by **5:00 p.m.** on **February 3, 2025,** and demonstrate to the court that he has been served. Failure to serve Defendant by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m), unless Plaintiff can show good cause for not effecting service on Defendant.

**It is so ordered** this 11th day of December, 2024.

*[signature]*

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 6**